# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SCHAMBEAU PROPERTIES, LLP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0029-WS-B |
| | ) |
| **WAFFLE HOUSE, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes before the Court on defendant Waffle House, Inc.'s Motion for Leave to File Third-Party Complaint (doc. 23). The other parties having elected not to respond within the timeframe established by the briefing schedule entered on June 2, 2011 (*see* doc. 24), that Motion is now ripe for disposition.[1]

The Federal Rules of Civil Procedure provide that a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Rule 14(a)(1), Fed.R.Civ.P. Waffle House maintains that precisely that circumstance is present here, with respect to putative third-party defendant, Geci & Associates, Inc. The Court agrees.

Plaintiff, Schambeau Properties, LLP, brought this action against Waffle House alleging, *inter alia*, that Waffle House had caused its property in Bayou La Batre, Alabama, "to be stripped of its natural vegetation, filled and elevated" during the process of constructing a restaurant on the premises. According to Schambeau, these modifications to Waffle House's property caused waters, sedimentation and debris from that location to be diverted and channeled onto plaintiff's adjacent property. Schambeau maintains that it has suffered a permanent diminution in the valuation of its property as a consequence of Waffle House's conduct. On the

---

[1] As a threshold matter, the Motion is timely. The applicable Rule 16(b) Scheduling Order provided that any motion for leave to join other parties must be filed no later than June 1, 2011. (*See* doc. 10, ¶ 5.) Waffle House filed its Motion on that June 1 deadline.

strength of these allegations, Schambeau brings claims against Waffle House for continuing trespass, continuing nuisance, negligence, and wantonness.

In its proposed Third-Party Complaint, Waffle House maintains that it retained the putative third-party defendant, Geci, to perform the necessary site engineering at that location, and that it was Geci's responsibility to prevent the collection, channelization and diversion of water and sediment onto Schambeau's adjacent property. Accordingly, Waffle House alleges, if it is deemed liable to Schambeau in this action, then Geci bears derivative liability to Waffle House on a theory of common-law indemnity. Thus, Waffle House seeks to interpose claims against Geci alleging that, if Schambeau is correct that water and sediment from the Waffle House property was diverted to and damaged Schambeau's property, then such damages were proximately caused by Geci's negligence, wantonness, or breach of its agreement with Waffle House to perform its work in accordance with general engineering principles and practices.

This is a proper use of the Rule 14(a) mechanism. After all, the law is clear that third-party pleading is appropriate "when the third party defendant's potential liability is dependent upon the outcome of the main claim." *Southeast Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975); *see also City of Orange Beach, Ala. v. Scottsdale Ins. Co.*, 166 F.R.D. 506, 510 (S.D. Ala. 1996) ("Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action if that third person's liability on that claim is in some way dependent upon the outcome of the main claim.") (citation omitted). Simply put, the third-party defendant "must be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff." *Coates v. CTB, Inc.*, 173 F. Supp.2d 1200, 1202 (M.D. Ala. 2001) (citation omitted). This threshold is plainly satisfied here. Geci's liability to Waffle House is necessarily dependent on Waffle House's liability to Schambeau. If Waffle House is deemed not liable to Schambeau, then Geci can have no liability to Waffle House. Clearly, then, the Rule 14(a) requirement that third-party claims be derivative of the main action is satisfied here.

In short, everything before the Court indicates that Waffle House's proposed Third-Party Complaint comports with Rule 14(a). Accordingly, the Motion for Leave to File Third-Party Complaint (doc. 23) is **granted**. Pursuant to Section II.A.6. of this District Court's Administrative Procedure for Filing, Signing and Verifying Documents by Electronic Means, Waffle House is **ordered**, on or before **June 29, 2011**, to file as a freestanding document its

Third-Party Complaint, in substantially the same form as that appended as Exhibit A to the Motion for Leave to File Third-Party Complaint.

DONE and ORDERED this 22nd day of June, 2011.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE