IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCHAMBEAU PROPERTIES, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0029-WS-B |
| | ) |
| WAFFLE HOUSE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the Bill of Costs (doc. 80) and Amended Motion to Re-Tax Costs (doc. 81) filed by defendant Alabama Sound Investments, Inc. ("ASI"), as well as on plaintiff's Motion to Alter, Vacate or Set Aside Judgment (doc. 84).[1] All of these filings are now ripe for disposition.

**I.    The Summary Judgment Ruling.**

Plaintiff, Schambeau Properties, LP, filed suit against ASI and several other defendants, alleging in the pleadings that beginning in January 2008 the defendants had constructed a Waffle House restaurant adjacent to Schambeau's property in a manner that caused surface waters to be channelized, collected, diverted and directed onto plaintiff's property. Based on ASI's alleged role in constructing and installing sidewalks, pavement, asphalt and roofs of the Waffle House facility, Schambeau brought claims against it on theories of continuing trespass, continuing nuisance, negligence and wantonness.

At the close of discovery, ASI moved for summary judgment. After careful consideration of the parties' briefs, the undersigned entered an Order (doc. 78) on December 30, 2011, granting ASI's Motion for Summary Judgment, and dismissing all of Schambeau's claims against that defendant with prejudice. The December 30 Order specified four independent

---

[1]    ASI's initial Motion to Re-Tax Costs (doc. 79) was superseded by the amended iteration filed later on the same day, and is therefore **moot**.

grounds for the ruling, to-wit: (i) undisputed record evidence showed that ASI had nothing whatsoever to do with the construction of the Waffle House restaurant next door to plaintiff's property, in that ASI held no ownership interest and played no role in the construction or development of any facility there during the 2008 to 2010 time period;[2] (ii) plaintiff's negligence and wantonness claims were plainly time-barred, inasmuch as the record was devoid of evidence that ASI did or failed to do anything with respect to its property in the two- or six-year period preceding the filing of the complaint; (iii) the record did not show any change in the natural flow of the surface waters at that site, as required for liability to attach under Alabama common law on a nuisance or trespass theory; and (iv) plaintiff's evidence was inconsistent with the "substantial damage" needed for liability under Alabama law, inasmuch as Schambeau admitted it had experienced no drainage problems on its property for 10 years after ASI's construction activities were completed.

In the wake of the December 30 Order, the undersigned entered Judgment (doc. 83) in ASI's favor on January 6, 2012. Three days later, plaintiff filed its "Motion to Alter, Vacate or Set Aside that Certain Order/Judgment Granting Summary Judgment" (doc. 84).

## II.     Plaintiff's Motion to Alter, Vacate or Set Aside.

Plaintiff's Motion eschews any discussion of the legal authority governing vacatur of the Order and Judgment, much less any recognition of the stringent legal standard for reconsideration of a federal court's decision. Whatever the reasons for that omission may be, the fact remains that "[i]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Longcrier v. HL-A Co.*, 595 F. Supp.2d 1218, 1246 (S.D. Ala. 2008) (citations omitted). In that regard, the Supreme Court has confirmed that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted); *see also Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir.

---

[2]     Insofar as Schambeau endeavored to use its summary judgment memorandum as a vehicle for *de facto* amendment of its Complaint to state an entirely new and different factual predicate for its claims against ASI (pertaining to construction and ownership of a Sonic restaurant from 1999 through 2008), the December 30 Order explained that such efforts were improper and impermissible under settled Eleventh Circuit precedent.

2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.") (citation and internal quotation marks omitted); *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) ("a motion to reconsider should not be used by the parties to set forth new theories of law"). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier*, 595 F. Supp.2d at 1247 (citations and internal punctuation omitted). Plaintiff neither identifies nor makes any showing that might support the existence of any of these circumstances, as needed to revisit the December 30 Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

By all appearances, the Motion to Alter, Vacate or Set Aside was filed as a kneejerk reaction to the December 30 Order based on plaintiff's disagreement with the reasoning and conclusions of same. This is not a valid reason for filing such a motion. *See, e.g., Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration … as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court 'got it wrong'"); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) (motions to reconsider "do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted"). Inasmuch as plaintiff has not conformed its arguments to the very narrow parameters under which the extraordinary remedy of Rule 59(e) relief may be available, the Motion to Alter, Vacate or Set Aside is due to be summarily denied.

Even if the Motion were properly considered on the merits, the Court is of the opinion that plaintiff would not be entitled to relief from the December 30 Order. As an initial matter, Schambeau has not addressed the Court's ruling that ASI was entitled to summary judgment because the factual predicate of all claims asserted in the Complaint (namely, that ASI had developed or constructed a Waffle House restaurant in 2008 in a manner that redirected surface

water onto its property) was contradicted by the record facts that ASI had no involvement or interest of any kind at any time in that Waffle House facility. Although Schambeau's summary judgment brief focused on ASI's operation of a nearby Sonic restaurant, those facts do not appear in the Complaint. As the December 30 Order explained, it is improper for a plaintiff to utilize a summary judgment brief to amend its pleadings. This basis for the Court's ruling was developed in some detail. (*See* doc. 78, at 7-10 & n.14.) Because plaintiff has not challenged (or, for that matter, even acknowledged) this independent ground for the December 30 Order's determination that ASI was entitled to summary judgment, the Motion to Alter, Vacate or Set Aside cannot succeed.

Next, Schambeau rehashes previously-asserted arguments that it is "for the jury to determine" whether ASI's conduct amounts to a continuing nuisance or continuing trespass. (Doc. 84, ¶¶ 6-7, 14.) The December 30 Order specifically considered, addressed and rejected such arguments. (*See* doc. 78, at 10-14.) Repeating exact arguments that the district court has already addressed is not a proper use of a Rule 59(e) Motion. *See Longcrier*, 595 F. Supp.2d at 1250 ("The Court will not indulge defendant's procedurally improper request for a 'do-over' in its Motion to Reconsider of arguments that were fully considered and rejected in the [underlying] Order."); *Gipson v. Mattox*, 511 F. Supp.2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."). At any rate, none of these arguments have improved in the retelling. As opined in the December 30 Order, whether "diversion or channelization … of waters from the ASI properties" is a continuing nuisance or trespass is for the jury to determine <u>only</u> if there are facts supporting reasonable inferences that (i) such diversion or channelization actually occurred, and altered the status quo of the flow of water, and (ii) plaintiff's property was substantially damaged as a result. The December 30 Order explained that there was no evidence of either. A jury question is not presented on plaintiff's mere say-so, no matter how often it may be repeated.[3] While Schambeau insists that "issues of nuisance and trespass under Alabama law

---

[3] As it did in briefing summary judgment, plaintiff relies in its Rule 59(e) Motion on excerpts of the deposition of Aleta Greenspan and photographs that it contends show water being directed onto plaintiff's property. (Doc. 84, ¶¶ 3-4, 11-12.) But the December 30 Order clearly and specifically explained why this "evidence" was insufficient. (*See* doc. 78, at 12-13 n.16.) Plaintiff does not address or acknowledge that reasoning, but instead ignores it and (Continued)

are fact questions, as are the questions of damages" (doc. 84, at ¶ 10), and reiterates its view that these are "classic issues of fact for the jury" (*id.* at ¶ 14), such "fact questions" are presented only where the summary judgment record contains facts from which a reasonable fact finder could find in plaintiff's favor. The December 30 Order explained that this record was devoid of such facts. Given the paucity of genuine issues of material fact on the questions of nuisance and trespass, it was a proper use of the Rule 56 mechanism to grant summary judgment in the defendant's favor.

Finally, plaintiff offers brand-new arguments concerning damages. All of these contentions were previously available to Schambeau, yet it chose not to raise them on summary judgment, even though ASI specifically challenged plaintiff's ability to prove damages. (Doc. 67, at 19.) A Rule 59(e) Motion is not properly used to trot out arguments that the movant could have raised, but elected not to raise, in the summary judgment briefing. *See, e.g., American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 6004071, *1 (M.D. Fla. Dec. 1, 2011) ("Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.") (citation and internal quotation marks omitted). In any

---

endeavors to make the same arguments again. As for plaintiff's contention that Schambeau's evidence establishes that it "has been the recipient of continued discharge of waters off the ASI site through slits in the parking lot" (doc. 84, ¶ 12), the Court disagrees. Plaintiff has come forward with no evidence of such continued discharge of waters through slits in ASI's parking lot, but has instead offered speculative, self-serving inadmissible lay opinion testimony by a Rule 30(b)(6) deponent; a set of inscrutable photographs devoid of any evidentiary foundation, other than counsel's impermissible *ipse dixit*; and a natural flow of water that appears entirely consistent with the objected-to flows, all set against the backdrop of plaintiff's failure to observe any drainage problems on its property for 10 years after ASI last performed meaningful construction or development work on its site. There is thus no evidence from which a reasonable factfinder could conclude that (i) ASI maintained a property that altered the status quo of natural surface water flows, either through "slits in the parking lot" or otherwise; or (ii) plaintiff was damaged by any such alteration.

event, plaintiff's newly raised damages arguments are not persuasive, and in no way alter or undermine the December 30 Order.[4]

For all of these reasons, as well as those set forth in the December 30 Order, plaintiff's Motion to Alter, Vacate or Set Aside that Certain Order/Judgment Granting Summary Judgment (doc. 84) is **denied**.

## III.   Taxation of Costs.

Also before the Court are ASI's Bill of Costs (doc. 80) and Amended Motion to Re-Tax Costs to the Plaintiff (doc. 81). Taken together, these filings show that ASI seeks an award of costs including the following: (i) filing fee of $350.00; (ii) scanning/photocopy charges of $473.16; and (iii) deposition charges of $4,252.81. Plaintiff has not responded to either the Bill of Costs or the Amended Motion to Re-Tax Costs.

---

[4] Plaintiff for the first time maintains that it is unnecessary to establish physical damage to the property, as long as the diversion of waters by ASI has diminished its property value. (Doc. 84, ¶ 8.) No such evidence of diminution of value arising from water runoff from ASI's property has been presented. Nor could it reasonably be offered here. Recall that the first time Schambeau observed pooled water accumulating on its property that it attributed to neighboring landowners was in the summer of 2009. Any diminution of value of which Schambeau complains would necessarily arise from this "water pooling" phenomenon. But there is no evidence that the pooled water on Schambeau's property came from "slits in the parking lot" on ASI's property, as plaintiff now argues in its Rule 59(e) Motion. It is undisputed that those slits in the parking lot had been there, unchanged and undisturbed, for at least a decade before any pooling of water was observed on Schambeau's land. So how could these offending slits be causing the water pooling and any accompanying diminution of value? Plaintiff has never answered in a manner that might give rise to a jury question. Instead, plaintiff simply states in conclusory fashion that "the consequences of [ASI]'s facility was to run water off that facility through slits constructed in the parking lot onto the property of Schambeau" for a 10-year period. (Doc. 84, ¶ 13.) The record supports no such factual inference. On this record, no jury could find that slits in ASI's parking lot that had been present since at least 1999 caused a drainage problem on plaintiff's property in 2009 (after no drainage issues on Schambeau's land at any time during the previous 10 years), except through rank speculation unsupported by record facts. (This is particularly true given that the timing of the discovery of the water pooled on Schambeau's property coincided with another party's construction of a Waffle House next door, not a nearby parking lot with slits that had been present for at least a decade.) Plaintiff's suggestion that it is entitled to punitive damages if ASI diverted water "wantonly or recklessly" is even more far-fetched. (Doc. 84, ¶ 9.) There is no evidence of wanton or reckless conduct by ASI, and plaintiff does not even attempt to identify any. In short, there is no record evidence from which a jury could find injurious consequences to Schambeau arising from "slits constructed in the parking lot" of ASI's facility fully 10 years before the alleged injury occurred.

Pursuant to Rule 54(d), Fed.R.Civ.P., the general rule is that costs "should be allowed to the prevailing party." *Id.* However, this rule does not confer upon district courts unfettered discretion to "tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Rather, statutory authorization is a necessary condition for the shifting of costs. *See West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 86, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991); *see also U.S. Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("a court may only tax costs as authorized by statute"). "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" in awarding costs to a prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

In the Bill of Costs, ASI claims costs of $350 for "Fees of the Clerk." The court file reflects that ASI filed a Notice of Removal (doc. 1) in this action on January 14, 2011, and paid a $350 filing fee in connection with that removal. This fee is properly taxed as costs. *See* 28 U.S.C. § 1920(1) ("A judge or clerk … may tax as costs … [f]ees of the clerk and marshal"); *West v. New Mexico Taxation and Revenue Dep't*, 2011 WL 5223010, *8 (D.N.M. Sept. 30, 2011) ("It appears that the majority of courts find that the filing fee after removal is a taxable cost."); *Street v. U.S. Corrugated, Inc.*, 2011 WL 2971036, *2 (W.D. Ky. July 20, 2011) ("the Court finds that the removal filing fee is a properly taxable cost"). Accordingly, the removal filing fee of **$350.00** will be taxed against plaintiff.

ASI's Bill of Costs also lists $473.16 under the heading "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Photocopying and scanning costs are taxable under applicable law, but only "where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) ("Copy and exemplification fees may be awarded if the fees were incurred for items 'necessarily obtained' for use in the case."). ASI attaches invoices to the Bill of Costs showing that it actually incurred costs for scans and copies of various materials from various vendors. However, nothing in ASI's submission shows that such copies were "necessarily obtained for use in the case"; to the contrary, movant has furnished no explanatory verbiage of any kind. It is ASI's burden to show that the requested costs are within the statute's ambit. *See generally Trustees of Chicago Plastering Inst. Pension*

*Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009) ("Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable."); *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002) ("the burden is on the party seeking costs … to establish the amount of compensable costs and expenses to which it is entitled").  ASI having failed to satisfy its burden of showing that the photocopy/scanning fees requested were necessarily incurred for use in the case (rather than for other purposes, such as the convenience of counsel), these costs are **disallowed**, and will not be taxed against plaintiff.  *See generally Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (remanding to district court where movant made no "demonstration that reproduction costs necessarily result from that litigation," as it was "impossible to tell to what extent copies charged to ARAMCO were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel").

Finally, ASI seeks an award of costs for deposition transcript charges incurred by ASI for the depositions of Aleta Greenspan ($953.30), Ronald McClain ($707.23), Kenneth Williams ($872.12), Garrett Todd Lee ($665.04), and Steve Geci ($1,055.12).  By statute, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs.  28 U.S.C. § 1920(2).  Deposition transcript fees are not recoverable if they were incurred "for convenience, to aid in thorough preparation, or for purposes of investigation only." *W&O*, 213 F.3d at 620 (citations omitted); *see also Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 202 (D.N.J. 2010) ("Costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed.") (citation omitted).  The critical question, then, is whether the 5 sets of deposition costs identified by ASI in its Amended Motion to Re-Tax Costs were "necessarily obtained for use in the case."  The court file confirms that ASI used and relied on all of these deposition transcripts in briefing its Rule 56 Motion, and submitted excerpts of same in support of that motion.[5]  The

---

[5] Also, all of those deposition transcript fees are duly confirmed and documented by invoices appended to the Bill of Costs.  *See generally Matusick v. Erie County Water Authority*, 774 F. Supp.2d 514, 533 (W.D.N.Y. 2011) ("only those deposition transcripts confirmed by invoice should be taxed as costs"); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp.2d 696, 709 (E.D. La. 2009) ("[a] party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred").

December 30 Order cited to each of these transcripts, and each was material to the issues presented on summary judgment. Accordingly, such deposition transcript fees (in the total sum of **$4,252.81**) are properly taxable as costs because these depositions were necessarily obtained by defendant for use in the case. *See W&O*, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (citation and internal quotation marks omitted).

For all of the foregoing reasons, costs are hereby **taxed** against plaintiff and in favor of defendant Alabama Sound Investments, Inc., pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1), in the total amount of **$4,602.81**, including $350.00 for fees of the Clerk of Court and $4,252.81 for deposition transcript fees.

### IV. Conclusion.

It is **ordered** as follows:

1. Plaintiff's Motion to Alter, Vacate or Set Aside (doc. 84) is **denied**;
2. Defendant ASI's Motion to Re-Tax Costs (doc. 79) is **moot**;
3. ASI's Amended Motion to Re-Tax Costs (doc. 81) is **granted**, and its request for costs pursuant to the Bill of Costs (doc. 80) is **granted in part,** and **denied in part**; and
4. Costs are hereby **taxed** against plaintiff and in favor of ASI in the total amount of **$4,602.81**.

DONE and ORDERED this 26th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE